# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ASHLEY McLAUD, | |
| Plaintiff, | |
| v. | CIVIL ACTION NO. 3:CV-14-737 |
| INDUSTRIAL RESOURCES, INC., *et al.*, | (JUDGE CAPUTO) |
| Defendants. | |

## **MEMORANDUM**

Presently before the Court is the Complaint filed by Plaintiff Ashley McLaud. (Doc. 1.) Because the Complaint fails to establish that the Court has subject matter jurisdiction over this action, it will be dismissed unless Plaintiff can show that diversity jurisdiction is proper.

## I. Background

Plaintiff commenced this action on or about April 16, 2013.  Plaintiff alleges that this Court has jurisdiction over the action pursuant to 28 U.S.C. § 1332. (*Compl.,* ¶ 13.) Plaintiff, a citizen of Pennsylvania, (*id*. at ¶ 1), asserts claims against a number of individuals and corporate entities. (*Id*. at ¶¶ 2-11.)  The sole limited liability company Defendant named in the Complaint, Industrial Resources of Michigan, LLC, is alleged to be a "corporation or limited liability company organized and existing under the laws of the State of Michigan, with its principal office located in the State of Michigan . . . ." (*Id*. at ¶ 3.)

## II. Analysis

Federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte*. *See Shaffer v. GTE North, Inc.*, 284 F.3d 500, 502 (3d Cir.2002) (citing *Club Comanche, Inc. v. Gov't of the Virgin Islands*, 278 F.3d 250, 255 (3d Cir. 2002)).  Plaintiff

alleges that the Court's basis for jurisdiction is pursuant to 28 U.S.C. § 1332(a)(1). Section 1332(a)(1) gives district courts original jurisdiction to hear cases where the matter in controversy exceeds the value of seventy-five thousand dollars ($75,000) and is between citizens of different states.  In order for jurisdiction to exist, there must be complete diversity, meaning that each defendant must be a citizen of a different state from each plaintiff. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373, 98 S. Ct. 2396, 57 L. Ed. 2d 274 (1978).  Of course, "[t]he person asserting jurisdiction bears the burden of showing that the case is properly before the court at all stages of the litigation." *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993).

"It is . . . well established that when jurisdiction depends upon diverse citizenship the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived."  *Thomas v. Bd. of Trs.,* 195 U.S. 207, 211, 25 S. Ct. 24, 49 L. Ed. 160 (1904).  Moreover, "[w]hen the foundation of federal authority is, in a particular instance, open to question, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition of the merits."  *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977); *see also* Fed R. Civ. P. 12(h)(3).

Here, as noted, the Complaint alleges that the limited liability company Defendant is a "corporation or limited liability company organized and existing under the laws of the State of Michigan, with its principal office located in the State of Michigan . . . ." (*Compl*., ¶ 3.)  "The citizenship of an LLC is determined by the citizenship of its members."

2

*Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010); *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195 (1990) (affirming that the citizenship of an artificial entity depends on the citizenship of all its members); *see also* 1 Fed. Proc., L. Ed. § 1:165 (2014) (acknowledging that a "limited liability company is a citizen, for purposes of diversity jurisdiction, of each state where its members are citizens."). Where one or more of an LLC's members is itself another LLC, the citizenship of each LLC must be determined by "trac[ing] through however many layers of partners or members there may be." *Zambelli Fireworks*, 592 F.3d at 420.

Here, the Complaint fails to allege facts regarding the citizenship of the members of Industrial Resources of Michigan, LLC. Therefore, the Court cannot determine that diversity jurisdiction applies to this entity.

### III. Conclusion

Because the Court cannot determine whether subject matter jurisdiction exists, the matter is subject to dismissal under Federal Rule of Civil Procedure 12(h)(3). However, Plaintiff will be given an opportunity to amend the Complaint and show that diversity of citizenship jurisdiction exists. Plaintiff will be granted twenty-one (21) days in which to file an amended complaint. Failure to do so will result in this action being dismissed.

<u>April 22, 2014</u>              <u>/s/ A. Richard Caputo</u>
Date                                      A. Richard Caputo
                                            United States District Judge