**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ASHLEY MCLAUD, | |
| Plaintiff, | CIVIL ACTION NO. 3:CV-14-737 |
| v. | (JUDGE CAPUTO) |
| INDUSTRIAL RESOURCES, INC., *et al.*, | |
| Defendants. | |

## MEMORANDUM

Presently before me is Industrial Resources, Inc.'s ("Moving Defendant")[1] Motion to Dismiss Plaintiff Ashley McLaud's Amended Complaint. (Doc. 17.) Because a discretionary extension of time for service is warranted in this case, Moving Defendant's motion to dismiss will be denied and the service of the summons and Amended Complaint by Plaintiff upon Moving Defendant on September 9, 2014 will be deemed timely.

### I. Background

Plaintiff commenced this action by Complaint filed on April 16, 2014 (Doc. 1) against Industrial Resources, Inc., Industrial Resources of Michigan, LLC, IROM, Inc., Dan Dykstra, Gerry Dykstra, CHEP (U.S.A.), Inc., CHEP International Inc., and CHEP Container and Pooling Solutions, Inc. The Complaint, however, did not establish that subject matter jurisdiction over the action was proper because Plaintiff failed to properly plead the citizenship of Defendant Industrial Resources of Michigan, LLC. Accordingly, by Memorandum and Order dated April 22, 2014, I *sua sponte* ordered Plaintiff to file an Amended Complaint properly alleging the citizenship of the limited liability company defendant within twenty-one days or the action would be dismissed. Plaintiff filed her

---

[1] Moving Defendant contends that it is a dissolved corporation that is improperly identified in the Amended Complaint. Moving Defendant represents that its proper identification is "IR Ventures, Inc. d/b/a Industrial Resources." (Doc. 18, 1, 5-7.)

Amended Complaint on May 13, 2014. (Doc. 5.)

On September 10, 2014, Plaintiff filed a Certification of Service of Summons and Amended Complaint evidencing that service was effectuated on Industrial Resources, Inc. on September 9, 2014. (Doc. 8.)  Accordingly, service of the Summons and Amended Complaint on Industrial Resources, Inc. occurred 146 days after filing of the initial complaint and 119 days after filing of the Amended Complaint.

After obtaining an extension of time to respond to the Amended Complaint, (Doc. 15), Moving Defendant filed the instant motion to dismiss on October 20, 2014. (Doc. 17.) Specifically, Moving Defendant seeks dismissal of the Amended Complaint for insufficient service of process.  Plaintiff filed a brief in opposition to the motion on November 3, 2014, (Doc. 21), and Moving Defendant filed its reply brief in further support of its motion on November 17, 2014. (Doc. 23.)  The motion to dismiss is now fully briefed and ripe for disposition.

## II. Discussion

Moving Defendant seeks dismissal of the Amended Complaint pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure.  Rule 12(b)(5) enables a court to dismiss a case for "insufficient service of process." Fed. R. Civ. P. 12(b)(5).  "In resolving a motion under Rule 12(b)(5), the party making the service has the burden of demonstrating its validity when an objection to service is made." *Reed v. Weeks Marine, Inc.*, 166 F. Supp. 2d 1052, 1054 (E.D. Pa. 2001) (citing *Grand Entm't Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488-89 (3d Cir. 1993)).  Moving Defendant contends that service of process was insufficient in this case because it was not timely served by Plaintiff.

Rule 4(m) of the Federal Rules of Civil Procedure sets forth the following time frame a plaintiff has to serve a defendant with the summons and copy of the complaint:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the

> action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. . . .

Fed. R. Civ. P. 4(m).

Here, Moving Defendant asserts that service was untimely because it was not served within 120 days of the filing of the initial complaint. Plaintiff, conversely, argues that service was timely because Moving Defendant was served within 120 days of the filing of the Amended Complaint.

The Third Circuit does not appear to have directly addressed whether the filing of an amended complaint restarts the 120-day period for effectuating service under Rule 4(m). However, other courts, including the Tenth Circuit, have held that "the 120-day period provided by Rule 4(m) is not restarted by the filing of an amended complaint except as to those defendants newly added in the amended complaint." *Bolden v. City of Topeka*, 441 F.3d 1129, 1148 (10th Cir. 2006) (citing *Carmona v. Ross*, 376 F.3d 829 (8th Cir. 2004); 4B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1137, at 377 (3d ed. 2002); 1 James Wm. Moore et al., Moore's Federal Practice § 4.80 (3d ed. 1997)); *see also Novak v. CGA Law Firm*, No. 13-2533, 2014 WL 772604, at *2 n.4 (M.D. Pa. Feb. 25, 2014); *Witasick v. Estes*, No. 11-3895, 2012 WL 3075988, at *3 (D.N.J. July 30, 2012) ("[f]iling of amended complaint does not extend the 120–day time for service of process."); *Zhang v. Haven-Scott Assocs., Inc.*, No. 95-2126, 1996 WL 355344, at *5 (E.D. Pa. June 21, 1996) ("The filing of an amended complaint does not restart the service period as to defendants named in the original complaint.").

Despite this authority, Plaintiff contends that the particular facts of this case, namely, where the issue of the defective jurisdictional allegations was raised *sua sponte* and Plaintiff was directed to file an amended pleading or else the action would be dismissed, counsels in favor of finding that the 120-day period for service commenced upon the date of filing of

3

the Amended Complaint. I am aware of one district court that has recently addressed this precise issue. *See Warren v. Bituminous Cas. Corp.*, No. 13-2354, 2014 WL 348544, at *2 (E.D. La. Jan. 31, 2014). In *Warren*, as is the case here, "[t]he Court ordered Plaintiffs to amend their complaint because they failed to adequately plead subject matter jurisdiction in their original complaint." *Id*. Thereafter, the plaintiffs filed an amended complaint, and the defendants then moved to dismiss the action for failure to timely effectuate service in accordance with Rule 4(m). *See id*. In considering the defendants' motion, the court addressed whether the filing of the amended complaint restarted the 120-day period for service because "[i]f the amended complaint restarted the 120-day period, the instant motion would be rendered moot." *Id*. Relying on *Bolden v. City of Topeka*, 441 F.3d 1129 (10th Cir. 2006), the *Warren* court concluded that the filing of an amended complaint does not restart the service period as to defendants who are not newly added by the complaint. *Id*. The court further emphasized that "it would be particularly inequitable in the instant case" to find that the filing of an amended complaint restarted the time period to serve a defendant that was not newly added to the amended pleading. The court reasoned:

> If the Court were to permit the filing of the amended complaint to restart the time to serve J & K, Plaintiffs failure to comply with Rule 8(a)(1) would effectively excuse their failure to abide by Rule 4. This would produce an absurd result. Therefore, the Court holds that Plaintiffs' amended complaint did not establish a new 120–day service period as to J & K.

*Id*.

Consistent with the authority cited above, I agree that the filing of an amended complaint does not restart the 120-day service period as to defendants that are not newly added to the complaint. As such, because Moving Defendant was not newly added, Plaintiff was required to serve it within 120 days of April 16, 2014, the filing date of the original complaint. Moreover, the fact that the Amended Complaint was filed in response to a *sua sponte* determination that the original complaint failed to properly plead subject matter

jurisdiction does not compel a different outcome. Indeed, if the filing of an amended complaint in these circumstances restarted the 120-day period, Plaintiff's "failure to comply with Rule 8(a)(1) would effectively excuse [her] failure to abide by Rule 4." *See Warren*, 2014 348544, at *2. Such a result makes little sense. Accordingly, Plaintiff's service on Moving Defendant of the Summons and Amended Complaint on September 9, 2014 occurred beyond the 120-day period provided for by Rule 4(m).

Nevertheless, although Moving Defendant was not timely served, Rule 4(m) requires "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Thus, under Rule 4(m), "[t]he district court first determines whether good cause exists for a plaintiff's failure to effect timely service. If good cause exists, the extension must be granted. If good cause does not exist, the district court must consider whether to grant a discretionary extension of time." *Boley v. Kaymark*, 123 F.3d 756, 758 (3d Cir. 1997) (citation and internal citations omitted).

"Good cause" within the meaning of Rule 4(m) has been equated with the concept of "excusable neglect" under Rule 6(b)(2), and "requires a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules." *MCI Telecomms. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995). In considering whether good cause exists, "courts have considered such factors as (1) reasonableness of plaintiff's efforts to serve, (2) prejudice to the defendant by lack of timely service, and (3) whether plaintiff moved for an enlargement of time to serve." *McDonald v. SEIU Healthcare Pennsylvania*, No. 13-2555, 2014 WL 4672493, at *6 (M.D. Pa. Sept. 18, 2014) (quotations and internal alterations omitted) (citing *MCI Telecomms.*, 741 F.3d at 1097-98). Indeed, the "primary focus" of the good cause inquiry "is on the plaintiff's reasons for not complying with the time limit in the first place." *Boley*, 123 F.3d at 758 (quoting *MCI Telecomms.*, 71 F.3d at 1097).

5

Here, nothing in the record suggests a finding of good cause to excuse Plaintiff's failure to timely serve Moving Defendant. Specifically, Plaintiff has not identified any reasonable efforts made to timely serve Moving Defendant, nor did she request an enlargement of time to serve. And, while it does not appear that the lack of timely service prejudiced Moving Defendant, "absence of prejudice alone can never constitute good cause to excuse late service." *MCI Telecomms.*, 71 F.3d at 1097. At most, Plaintiff has shown that the failure to timely serve Moving Defendant resulted from the mistaken belief that the filing of an amended complaint restarted the time period to effectuate service. But, "ignorance of the rules [does] not provide good cause to excuse [her] failure to serve the defendant[] within the time allotted under the rules." *Sykes v. Blockbuster Video*, 205 F. App'x 961, 963 (3d Cir. 2006); *Gonzalez v. Thomas Built Buses*, Inc., 268 F.R.D. 521, 527 (M.D. Pa. 2010); *cf. Lovelace v. Acme Markets, Inc.*, 820 F.2d 81, 84 (3d Cir. 1987) (inadvertence of counsel does not constitute good cause for failure to timely serve defendants under former Rule 4(j)).

However, even if good cause is not shown, a district court may grant a discretionary extension of time for service. *See Boley*, 123 F.3d at 758.

> A district court may consider actual notice of the legal action; prejudice to the defendant; the statute of limitations on the underlying causes of action; the conduct of the defendant; and whether the plaintiff is represented by counsel, in addition to any other factor that may be relevant when deciding whether to grant an extension or dismiss the complaint.

*Chiang v. U.S. Small Bus. Admin.*, 331 F. App'x 113, 116 (3d Cir. 2009) (citing Fed. R. Civ. P. 4(m) Notes of Advisory Committee on 1993 amendments; *Boley*, 123 F.3d at 759).

Considering the circumstances of this case, a discretionary extension of time is appropriate. For one, it does not appear that Moving Defendant would be prejudiced if the untimely service is accepted. In particular, as service occurred only twenty-six days late, Moving Defendant's ability to defend this action has not been seriously impaired. This

factor weighs strongly in favor of an extension. Moreover, because the statute of limitations may bar Plaintiff from refiling the action if dismissed, this factor weighs in favor of accepting untimely service. *See Torres v. Beard*, No. 11-863, 2012 WL 4326866, at *3 (M.D. Pa. Sept. 20, 2012) (citing *Boley*, 123 F.3d at 758-59). Additionally, "the Third Circuit's preference for deciding cases on their merits rather than on procedural technicalities" is another factor favoring acceptance of the untimely service. *Id*. However, while the fact that Plaintiff is represented by counsel weighs against accepting the untimely service, on balance, the relevant considerations justify accepting service. Accordingly, I will exercise my discretionary authority under Rule 4(m) to excuse the untimely service on Moving Defendant. *See Torres*, 2012 WL 4326866, at *4. Moving Defendant will be deemed properly served as of September 9, 2014. *See, e.g. McDonald v. SEIU Healthcare Pennsylvania*, No. 13-2555, 2014 WL 4672493, at *6 (M.D. Pa. Sept. 18, 2014) ("the court deems timely McDonald's February 25, 2014 service upon SEIU HCPA"); *Barbosa v. Dana Capital Grp., Inc.*, No. 07-1724, 2009 WL 902339, at *4 (E.D. Pa. Mar. 31, 2009) ("I deem timely plaintiff's April 18, 2008 service on defendant Phoenix Lending Group, Inc."); *Ritter v. Cooper*, No. 02-1435, 2003 WL 23112306, at *4 (D. Del. Dec. 30, 2003).

Lastly, as indicated in the margin, Moving Defendant contends that it is improperly identified in the Amended Complaint as Industrial Resources, Inc., a dissolved corporation, and that its proper identity is "IR Ventures, Inc. d/b/a Industrial Resources." Moving Defendant further argues that "IR Ventures, Inc. should be excluded from any Amended Pleading, as the relation back doctrine does not apply." (Doc. 18, 5.) Specifically, it asserts that because it was not made aware of the lawsuit within 120 days of the filing of the original complaint, Plaintiff is unable to satisfy the requirements of Rule 15© of the Federal Rules of Civil Procedure.

Moving Defendant's request to prohibit Plaintiff from further amending the Amended Complaint is premature. Plaintiff, to date, has not sought to add or substitute IR Ventures,

Inc. as a party to this litigation. Therefore, because this issue is not currently before me, I will not address it at the present time. Any questions regarding the proper identity of Moving Defendant, whether IR Ventures, Inc. may be added or substituted as a party, and/or whether Industrial Resources, Inc. retains the capacity to be sued will be addressed, if necessary, when these issues are squarely before me and ripe for resolution.

### III. Conclusion

For the above stated reasons, Moving Defendant's motion to dismiss will be denied, and Moving Defendant will be deemed properly served as of September 9, 2014.

An appropriate order follows.

February 20, 2015/s/ A. Richard Caputo
DateA. Richard Caputo
United States District Judge